WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy Kelly Contreras, | CIV 13-1590-PHX-ROS (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT COURT:

Petitioner Jimmy Kelly Contreras, who is confined in the Arizona State Prison Complex-Florence, South Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 8), and Petitioner has filed a traverse (Doc. 9).

## BACKGROUND[1]

On September 16, 2004, Petitioner was indicted on 28 counts: three counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children (Counts 1, 2 and 4); one count of attempted molestation of a child, a class 3 felony and dangerous crime against children (Count 3); one count of molestation of a child, a class 2 felony and dangerous crime against children (Count 5); nine counts of kidnapping, class 2 felonies and

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 8 – Respondents' Answer.

1 dangerous crimes against children (Counts 6, 8, 10, 12, 14, 16, 18, 20 and 22); 11 counts of 2 child abuse, class 4 felonies (Counts 7, 9, 11, 13, 15, 17, 19, 21, 23, 30 and 31); three counts 3 of child abuse, class 2 felonies and dangerous crimes against children (Counts 27, 28 and 29). 4 (Exh. B.) In essence, the indictment alleged that on or between June 9, 2004 and August 20, 5 2004, Petitioner sexually abused his 14-year-old step-daughter, and physically abused and 6 confined his three younger step-daughters. (Id., Exh. M.)

7 On January 24, 2006, Petitioner proceeded to trial. (Exh. C.) On the fifth day of trial, 8 upon motion by the State, the trial court dismissed Counts 27, 28, and 29. (Exh. D.) After 9 the State rested, Petitioner unsuccessfully moved for a judgment of acquittal/Rule 20 on the 10 remaining 25 counts. (Id.) On February 2, 2006, the jury returned guilty verdicts on all 25 11 counts. (Exh. E.) The jury also made findings that the victims were under the age of 15. 12 (Id.) On April 13, 2006, Petitioner was sentenced on Counts 1 through 23, 30 and 31, to 13 consecutive sentences totaling more than 267 years, with 511 days of presentence 14 incarceration credit. (Exh. F.) Also on April 13, 2006, Petitioner received, and 15 acknowledged receipt of, his notice of rights of review after conviction and procedure. (Exh. 16 G.)

17 On April 20, 2006, Petitioner filed a notice of appeal, motion to withdraw as counsel 18 of record, and request for appointment of counsel on appeal. (Exh. H.) On May 24, 2006, 19 trial counsel was permitted to withdraw and Petitioner was appointed new counsel. (Exh. I.) 20 On January 31, 2007, Petitioner filed an opening brief in the Arizona Court of Appeals 21 asserting that the trial court erred in failing to grant his motion for a judgment of acquittal 22 as to Counts 30 and 31, child abuse. (Exh. J.) The State filed an answering brief. (Exh. K.) 23 On June 21, 2007, after Petitioner filed a notice of election not to file a reply brief, the 24 appellate court issued a memorandum decision affirming Petitioner's convictions and 25 sentences, and finding that the trial court did not err in denying Petitioner's motion for 26 judgment of acquittal on Counts 30 and 31 because "the State presented some evidence from 27 which unprejudiced jurors could have reasonably inferred [Petitioner's] guilt on the counts 28 at issue" and "sufficient evidence supported the jury's verdicts." (Exhs. L and M.)

On June 25, 2007, after Petitioner's counsel reviewed the appellate court's decision and concluded that there was no reasonable probability that the Arizona Supreme Court would review his case, counsel advised Petitioner that the Office of the Public Defender declined to seek review of the decision and advised Petitioner of the time-line in which to petition for review. (Exh. N.) Petitioner did not file a petition for review in the Arizona Supreme Court and on August 6, 2007, the Court of Appeals issued its order and mandate. (Exh. O.)

On August 1, 2007, Petitioner filed a notice of post-conviction relief ("PCR") and requested counsel. (Exh. P.) On August 7, 2007, the superior court appointed counsel to represent Petitioner. (Exh. Q.) On January 14, 2009, after numerous extension requests, counsel filed a notice of completion of review, finding no colorable claims to be raised on Petitioner's behalf, and requesting an extension of time for Petitioner to file a *pro se* PCR petition. (Exh. R.) The court ordered counsel to remain in an advisory capacity and granted the extension request. (Exh. S.) Petitioner thereafter filed motions to compel discovery, for reappointment of counsel, and for an extension of time in which to file his PCR petition. (Exh. T.) The court granted the extension request, but denied the other requests. (Id.) Petitioner then filed a request of subpoena, which the court also denied. (Exh. U.) On November 10, 2010, Petitioner filed a *pro se* PCR petition which was struck because it did not contain a certification as required by Rule 32.5, Arizona Rules of Criminal Procedure. (Exhs. V, W.)

On January 12, 2011, the court ordered Petitioner to file a petition with the required certification within 45 days. (Id.) On February 2, 2011, Petitioner filed a *pro se* PCR petition with the required certification. (Exh. X.)

In his PCR petition, Petitioner asserted: (1) that he did not commit the crimes for which he was convicted; (2) that the grand jury indictment was the result of prosecutorial misconduct and perjury, and that this deprived the trial court of subject matter jurisdiction; (3) that his trial counsel was ineffective because: evidence in the case was not tested or collected; Pamela Wood's (the mother of the victims and co-defendant) parents were not

interviewed; Pamela Wood's home-schooling of the victims was not investigated; counsel did not re-interview the four victims to determine the truthfulness of their statements and any inconsistencies, counsel did not secure a third party defense; and appellate counsel failed to raise the issue of denial of the severance on direct appeal; (4) that he was denied his right to an impartial jury and counsel was ineffective because juror 22 was not removed; (5) that the prosecutor committed misconduct during the voir dire proceedings (without objection by defense counsel), and that the prosecutor's opening statement infected the integrity of the jury; and (6) that the rules of the State of Arizona "belittled" the constitution, in violation of the Ninth Amendment, because the rules allowed the lead detective to become the case agent. Petitioner requested an evidentiary hearing on the issues presented in his petition. (Id.)

On May 2, 2011, Petitioner requested an evidentiary hearing. (Exh. Y.) On June 27, 2011, the State filed a response to Petitioner's PCR petition. (Exh. Z.) On September 30, 2011, after Petitioner filed a reply, the trial court summarily denied and dismissed Petitioner's PCR petition, finding that the claims made by Petitioner "are all precluded, waived, or baseless." (Exhs. AA and BB.)

Petitioner then filed a request for DNA evidence under A.R.S. § 13-4240 and Arizona Rule of Criminal Procedure 32, *et. seq.* (Exh. CC.) After the State filed a response to the DNA request and Petitioner filed a reply, the trial court denied the request, finding that Petitioner failed to meet several requirements of A.R.S. § 13-4240 and that "the jury was presented with evidence of Defendant's guilt that was overwhelming, compelling and credible regardless of any DNA results. The several young victims all testified convincingly, in detail and at length about Defendant's violent crimes against them." (Exhs. DD, EE, and FF.)

Petitioner filed a motion for reconsideration, which the trial court summarily denied. (Exhs. GG and HH.) On November 28, 2011, Petitioner filed a petition for review in the Arizona Court of Appeals from the trial court's denial of his PCR petition. (Exh. II.) After the State filed a response, the matter was transferred to the Arizona Court of Appeals, Division Two. (Exhs. JJ and KK.) On October 31, 2012, the Arizona Court of Appeals

issued a memorandum decision denying relief. (Exh. LL.)  On January 9, 2013, Petitioner filed a petition for review in the Arizona Supreme Court, which was summarily denied on June 12, 2013.  (Exhs. MM and NN.)

On August 5, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in this Court asserting five grounds for relief:

> (1) Petitioner was denied effective assistance of counsel because his trial counsel failed to develop, prepare or research specific evidence to be provided by his expert witness;
>
> (2) Petitioner was denied effective assistance of counsel because his trial counsel failed to adequately impeach the victim's testimony or establish evidence to support Petitioner's claim of actual innocence;
>
> (3) Petitioner's conviction and sentence were the result of prosecutorial misconduct;
>
> (4) Petitioner was denied effective assistance of counsel because his trial counsel failed to present an expert witness to rebut the testimony of the state's expert witness on certain issues;
>
> (5) Petitioner was denied effective assistance of counsel because his trial counsel and the trial court committed fundamental error in not granting a directed verdict.

(Doc. 1.)  Respondents filed an Answer (Doc. 8), and Petitioner filed a traverse (Doc. 9).

## DISCUSSION

In their Answer, Respondents contend that Petitioner's claims are procedurally defaulted.  As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court.  See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner.  See O'Sullivan v. Boerckel, 526 U.S. 838, 839-46 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

- 5 -

1       Proper exhaustion requires a petitioner to have "fairly presented" to the state courts
2 the exact federal claim he raises on habeas by describing the operative facts and federal legal
3 theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78
4 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim
5 he urges upon the federal courts."). A claim is only "fairly presented" to the state courts
6 when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim
7 under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)
8 (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner
9 fails to alert the state court to the fact that he is raising a federal constitutional claim, his
10 federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

11       A "general appeal to a constitutional guarantee," such as due process, is insufficient
12 to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518
13 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005)
14 ("Exhaustion demands more than drive-by citation, detached from any articulation of an
15 underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because
16 its factual basis was presented to the state courts on state law grounds – a "mere similarity
17 between a claim of state and federal error is insufficient to establish exhaustion." Shumway,
18 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

19       Even when a claim's federal basis is "self-evident," or the claim would have been
20 decided on the same considerations under state or federal law, a petitioner must still present
21 the federal claim to the state courts explicitly, "either by citing federal law or the decisions
22 of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations
23 omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32
24 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief
25 ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

26       Additionally, under the independent state grounds principle, a federal habeas court
27 generally may not review a claim if the state court's denial of relief rests upon an
28

1 independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32

2 (1991). The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[2] and "adequate"[3] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of

---

[2] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[3] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

- 7 -

a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

Furthermore, a subsequent "silent" denial of review by a higher court simply affirms a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris, 489 U.S. at 263 n.9).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate,"

either its specific application to a claim by an Arizona court, or its operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona courts have not "strictly or regularly followed" Rule 32 of the Arizona Rules of Criminal Procedure); State v. Mata, 185 Ariz. 319, 334-36, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

The Court finds that the claims set forth in Petitioner's habeas petition are procedurally defaulted. In Petitioner's opening brief on direct appeal, he argued that the trial court erred in failing to grant his motion for a judgment of acquittal as to Counts 30 and 31, child abuse. (Exhs. J, K, M.) The Arizona Court of Appeals affirmed Petitioner's convictions and sentences, finding that the trial court did not err in denying Petitioner's motion for judgment of acquittal because "the State presented some evidence from which unprejudiced jurors could have reasonably inferred [Petitioner's] guilt on the counts at issue" and "sufficient evidence supported the jury's verdicts." (Exh. M.)

In Petitioner's PCR petition, he argued: (1) that he did not commit the crimes for which he was convicted; (2) that the grand jury indictment was the result of prosecutorial misconduct and perjury, and that this deprived the trial court of subject matter jurisdiction; (3) that his trial counsel was ineffective because: evidence in the case was not tested or collected; Pamela Wood's parents were not interviewed; Pamela Wood's home-schooling of the victims was not investigated; counsel did not re-interview the four victims to determine the truthfulness of their statements and any inconsistencies, counsel did not secure a third party defense; and appellate counsel failed to raise the issue of denial of the severance on direct appeal; (4) that he was denied his right to an impartial jury and counsel was ineffective because juror 22 was not removed; (5) that the prosecutor committed misconduct during the voir dire proceedings (without objection by defense counsel), and that the prosecutor's opening statement infected the integrity of the jury; and (6) that the rules of the State of Arizona "belittled" the constitution, in violation of the Ninth Amendment, because the rules allowed the lead detective to become the case agent. (Exh. X.) The trial court summarily denied relief, concluding that Petitioner's claims were precluded or were not cognizable under Rule 32, and he had not made a colorable claim of ineffective assistance of trial or appellate counsel. (Exh. BB.) The court further rejected various claims that Petitioner had raised for the first time in his reply to the State's response to his PCR petition. (Id.)

In his subsequently filed petition for review, Petitioner argued that his trial counsel was ineffective for (1) failing to adequately develop his claim that he was not able to engage in sexual intercourse; (2) failing to obtain an "expert on Child Psychology" or a medical expert to provide testimony that his sexual assaults were impossible; and (3) failing to properly cross-examine various witnesses, consult with him about the case, seek preclusion of a witness's testimony, and "vigorously" argue that the lack of DNA evidence required his acquittal. (Exhs. II, JJ, LL.) Petitioner additionally argued that the trial court erred in rejecting his request for DNA testing and that the State knowingly relied on false evidence in obtaining his indictment and convictions, and committed misconduct during opening statements. (Id.)

In denying the petition for review, the Court of Appeals stated, "[Petitioner] raised none of [his] claims of ineffective assistance of counsel in his [PCR] petition below and, in any event, does not support them with citations to the record or relevant authority." (Exh. LL.) The court also rejected the remaining claims, including Petitioner's allegation of prosecutorial misconduct, stating: "To the extent [Petitioner] raised these arguments below, they are precluded because he could have raised them on appeal but did not. Ariz. R. Crim. P. 32.2(a)(3)." (Id.)

Regarding Petitioner's ineffective assistance of counsel claims alleged in Grounds One, Two, Four and Five of the instant habeas petition, Petitioner failed to present any of these claims in his PCR petition. And, to the extent that any of these claims can be construed to be alleged in Petitioner's petition for review, presentation to the Arizona Court of Appeals for the first time in a PCR proceeding is not fair presentation. In Arizona, review of a petition for post-conviction relief by the Arizona Court of Appeals is governed by Rule 32.9, Arizona Rules of Criminal Procedure, which clarifies that review is available for "issues which were decided by the trial court." Ariz.R.Crim.P. 32.9(c); see also State v. Ramirez, 616 P.2d 924, 928 (Ariz. Ct. App. 1980) (issues first presented in petition for review and not presented to trial court not subject to review). Accordingly, Petitioner has not fairly presented these claims in state court in a procedurally appropriate manner, and the claims are

1    therefore unexhausted. See Roettgen, 33 F.3d at 38. In addition, the Court finds that
2    Petitioner would have no remedy were he to return to the state court, and his claims are
3    therefore considered procedurally defaulted. See Teague v. Lane, 489 U.S. 288, 298-99
4    (1989); Ariz.R.Crim.P. 32.4. Petitioner has not demonstrated a miscarriage of justice or
5    cause and actual prejudice to excuse the default. See Coleman, 501 U.S. at 750-51.

6    As to the prosecutorial misconduct claim alleged in Ground Three of the habeas
7    petition, the court found it procedurally defaulted and barred from review pursuant to
8    Arizona Rule of Criminal Procedure 32.2(a). Arizona courts have consistently applied
9    Arizona's procedural default rules. See Stewart, 536 U.S. at 860 (holding that Arizona Rule
10   of Criminal Procedure 32.2(a) is an adequate and independent procedural bar); Cook v.
11   Schriro, 538 F.3d 1000, 1026 (9th Cir. 2008) (stating that "[p]reclusion of issues for failure
12   to present them at an earlier proceeding under Arizona Rule of Criminal Procedure 32.2(a)(3)
13   'are independent of federal law because they do not depend upon a federal constitutional
14   ruling on the merits.'") (footnote omitted) (quoting Stewart, 536 U.S. at 860); Ortiz, 149 F.3d
15   at 931-32 (rejecting argument that Arizona courts have not "strictly or regularly" followed
16   Rule 32). The denial of Petitioner's claim on the basis of an adequate and independent state
17   procedural ground bars federal habeas corpus review. See Beard v. Kindler, 558 U.S. 53, 55-
18   63 (2009); Ylst, 501 U.S. at 802-05; Correll v. Stewart, 137 F.3d 1404, 1417-18 (9th Cir.
19   1998) (stating that petitioner's federal claim is procedurally barred under the independent and
20   adequate state law-ground doctrine, which forecloses federal habeas review when a state
21   court has found a prisoner's federal claim precluded based on his failure to meet a state
22   procedural requirement). Moreover, Petitioner has failed to demonstrate a miscarriage of
23   justice, or establish cause for his noncompliance and actual prejudice. See Coleman, 501
24   U.S. at 750-51.

25                                    **CONCLUSION**

26   Grounds One through Five set forth in Petitioner's habeas petition are procedurally
27   defaulted, and Petitioner has not established cause for his failure to raise his claims in state
28   court, actual prejudice, or demonstrated that a miscarriage of justice would result if these

issues are not addressed. Thus, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 20th day of May, 2014.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge