# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy Kelly Contreras,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-13-01590-PHX-ROS<br><br>**ORDER** |

Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be denied and dismissed with prejudice. Petitioner filed timely objections. The Court called for supplemental briefing, which Respondents submitted but Petitioner did not. For the following reasons, the R&R will be adopted in full.

**I.  Standard of Review for R&R**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). A district judge must review de novo the portions to which an objection is made but a judge need not review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]*e novo* review of factual and legal issues is required if objections are made, but not otherwise.") (quotation marks and citation omitted).

## II. Factual Background

Petitioner does not object to the factual and procedural background recited by the Magistrate Judge. Therefore, it will be adopted. In brief, Petitioner was convicted of sexually abusing his 14-year old stepdaughter as well as physically abusing and confining three other stepdaughters. He was sentenced to consecutive sentences totaling more than 250 years. Petitioner pursued a direct appeal where all his convictions were affirmed. He then pursued state post-conviction relief. Petitioner was appointed counsel in connection with his post-conviction proceedings but that counsel was unable to find any grounds for relief. Petitioner filed a pro se petition for post-conviction relief but the superior court concluded all claims raised in the petition were either "precluded, waived, or baseless."

Petitioner appealed the denial of post-conviction relief. The Arizona Court of Appeals interpreted the appeal as asserting a variety of theories involving ineffective assistance of counsel ("IAC") that Petitioner had not raised below. The Arizona Court of Appeals rejected all of Petitioner's claims, finding them procedurally precluded. (Doc. 8-4 at 108). The Arizona Supreme Court denied review and Petitioner then filed the present federal petition.

## III. Federal Petition and Objections

The federal petition raises five grounds for relief involving IAC of trial counsel and IAC of appellate counsel. (Doc. 4 at 2). The petition asserts all these claims were exhausted during state court proceedings. In their response, Respondents argue all the claims are procedurally defaulted. Petitioner's reply reiterates he exhausted all of his claims during state-court proceedings. (Doc. 9 at 4) ("Petitioner has left none of his claims unexhausted in state court . . . ."). The reply also contains the following passage:

> Petitioner brings forth his federal habeas corpus claims to this court because of the violation of his secured constitutional rights. Petitioner['s] claims of IAC are the legitimate reason as to why his claims were dropped and not waived by the Petitioner throughout the post-conviction relief efforts. Petitioner's counsel failed to follow the state['s] procedural rule and thus was ineffective, cause for a claim of not being reasonably

- 2 -

>available to Petitioner is implied by the IAC claims brought before the court.

(Doc. 9 at 9).

It is not clear what this passage means. It may be an attempt by Petitioner to argue his post-conviction relief counsel was ineffective such that the default of his claims involving IAC of trial and appellate counsel should be excused. The Magistrate Judge, understandably, did not interpret this passage or any other aspect of Petitioner's filings as making such an argument. Instead, the Magistrate Judge looked to the underlying record and determined Petitioner failed to exhaust his claims and the claims were all procedurally defaulted.

Petitioner filed objections to the R&R but those objections do not point out *specific* flaws in the Magistrate Judge's analysis. Instead, Petitioner made only general objections. Such objections have "the same effect as would a failure to object." *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013). That is, general objections—just like a failure to object—mean the Court need not conduct *any* review of the R&R. Despite the lack of appropriate objections, the Court called for supplemental briefing regarding Petitioner's alleged default of all of his claims. (Doc. 14). In their supplemental brief, Respondents claim Petitioner failed "to plead and prove" a basis for excusing the procedural default of his claims. (Doc. 16 at 1). Thus, Respondents request the Court enforce the procedural default of all of the claims. Petitioner did not file a supplemental brief.

**IV. Analysis of Claims**

The R&R concluded Petitioner did not properly exhaust his claims and, therefore, all his claims are procedurally defaulted. The R&R is correct but the Court differs slightly in the path it takes to reach this conclusion.

Petitioner did not present to the state courts the IAC theories he has set forth in his federal petition. Thus, the crucial issue is whether there are grounds for excusing Petitioner's default of his current claims. The Supreme Court and Ninth Circuit have

created a special rule excusing the default of IAC claims.  That rule states "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial" or on direct appeal.  *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Nguyen v. Curry*, 736 F.3d 1287, 1296 (extending *Martinez* to "appellate-counsel IAC").  To take advantage of this rule, a petitioner must "demonstrate that the underlying ineffective-assistance-of-trial [or appellate]-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit."  *Martinez*, 132 S. Ct. at 1318.  Thus, in a situation of alleged default, the Court must look to the merits of the claim to determine whether the default should be enforced.  *See Sexton v. Cozner*, 679 F.3d 1150, 1157-58 (9th Cir. 2012) (explaining court must look to trial counsel's performance to determine whether post-conviction counsel's failure to raise IAC-of-trial-counsel constituted IAC-of-post-conviction-counsel such that procedural default should be excused).  If an examination of the merits shows the claim is "substantial," the Court cannot enforce the procedural default.

Because the petition *might* have attempted to raise the rule outlined above, the Court will look to the merits of the underlying claims.  The merits of Petitioner's various IAC claims are subject to the same standard: "To establish an ineffective assistance of counsel claim, [Petitioner] must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense."  *Sexton*, 679 F.3d. at 1159.  On the first prong, there is a strong presumption that counsel's performance was not deficient.  *Id.*  And on the second prong, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.*  In other words, counsel's failures "undermine confidence in the outcome."  *Id.*

### A.  IAC Regarding Trial Counsel

Petitioner presents four different theories of IAC of trial counsel.  First, trial counsel was ineffective by not pursuing evidence that Petitioner's "medical history [and]

1 extensive surgical procedures . . . prevented any sexual activity." (Doc. 1 at 7). Second, trial counsel was ineffective in failing "to adequately impeach the victim's testimony." That impeachment should have included counsel calling "expert medical examiners" to testify about the lack of "tissue damage" to the sexual assault victim. Third, trial counsel was ineffective based on the failure to "prepare, find or otherwise procure an expert witness" to rebut the state's expert witness. Petitioner believes an expert could have testified about his medical conditions that made it impossible for him to "tie up the children" or to sexually abuse one child. (Doc. 1 at 10). And fourth, trial counsel was ineffective in failing to obtain an acquittal "in the face of false and perjured testimony and a complete lack of vaginal (hymen) injury or DNA evidence." (Doc. 1 at 11).

The first prong of the IAC inquiry requires determining whether Petitioner has shown his counsel's performance was deficient. Petitioner has not. In fact, the record contradicts most of Petitioner's claims. During trial, Petitioner's counsel *did* pursue a theory that Petitioner was unable to engage in sexual activity. Counsel called Petitioner's physician who testified Petitioner had surgery around the time of certain alleged activities. According to the physician, the surgery would have prevented sexual activity for "two to three weeks." (Doc. 16-3 at 182). But the evidence at trial was that some of the sexual activity occurred "four to five weeks" after Petitioner's surgery. (Doc. 16-3 at 205). Thus, according to the evidence, Petitioner was not incapacitated at the relevant time.

The record also establishes counsel did not perform deficiently in cross-examining a prosecution witness regarding the lack of tissue damage to the sexual assault victim. That witness testified that the lack of tissue damage did not prove Petitioner's innocence. Petitioner has not explained what more counsel should have done in light of this testimony. Petitioner has not adequately explained or proffered the alleged "expert witness" testimony he believes his counsel should have used to rebut the prosecution's witness.

Finally, the record establishes counsel did not perform deficiently in cross-

- 5 -

examining the victims.  That cross-examination was quite minimal.  However, the limited cross-examination did highlight inconsistences in the testimony.  And it could have been a reasonable trial strategy not to aggressively attack children testifying regarding sexual and physical abuse.  *See Murray v. Schriro*, 745 F.3d 984, 1011 (9th Cir. 2014) ("We must therefore begin any ineffective assistance of counsel inquiry with the premise that under the circumstances, the challenged action[s] might be considered sound trial strategy.") (quotation marks and citations omitted).

Petitioner has not established his trial counsel was deficient, meaning he cannot satisfy the first prong of the IAC standard.  But even if the Court were to assume Petitioner *had* shown deficient performance, he has not shown he suffered prejudice as a result.  When assessing prejudice, the Court must keep in mind that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."  *Strickland v. Washington*, 466 U.S. 668, 696 (1984).  This case involved overwhelming evidence of Petitioner's guilt.  As explained by the state trial court when denying Petitioner's request to conduct post-trial DNA testing:

> [T]he jury was presented with evidence of [Petitioner's] guilt that was overwhelming, compelling and credible regardless of [the lack of] any DNA results.  The several young victims all testified convincingly, in detail and at length about [Petitioner's] violent crimes against them.

(Doc. 8-4 at 55).  In addition to the children's testimony, the children's mother also testified about injuries she observed on the children after Petitioner "'took over' disciplining them."  (Doc. 8-1 at 99).  The mother testified Petitioner hit the children with fly swatters, whipped them with electrical cords, and "beat them in the closet until they bled."  (Doc. 8-1 at 100).  The mother also recounted witnessing Petitioner hit one child in the face "many times" and that Petitioner broke the child's nose.  Another non-victim child provided corroborating testimony that Petitioner was responsible for various injuries inflicted on the children.  (Doc. 8-1 at 100).  In light of this overwhelming evidence, the alleged deficiencies outlined by Petitioner do not provide any reasonable

basis to conclude the result of the proceeding might have been different if only counsel had done what Petitioner now believes counsel should have done.

Because neither prong of the *Strickland* inquiry has been met, Petitioner has not made a "substantial" showing that trial counsel was ineffective. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). Therefore, there is no basis for excusing the procedural default of the trial counsel IAC claims.

### B.  IAC Regarding Appellate Counsel

Petitioner argues counsel on direct appeal was ineffective by failing to raise an argument regarding "prosecutorial misconduct."[1] That misconduct allegedly occurred when the prosecutor allowed a police detective to testify about the children's health and injuries despite that testimony being in conflict with medical reports. (Doc. 1 at 9). There is no plausible reason to conclude appellate counsel should have raised this argument as it has no legal basis. That is, the record does not establish that calling the detective to testify qualified as misconduct. Therefore, the failure to raise the issue could not have been deficient performance. Moreover, Petitioner could not have been prejudiced by counsel's alleged failure; if the issue had been raised, the outcome of the proceeding would have been the same. Therefore, Petitioner has not made a "substantial" showing that appellate counsel was ineffective. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012).

### C.  All Claims Are Procedurally Defaulted

Petitioner has not made a "substantial" showing that he was denied effective assistance of trial or appellate counsel. Therefore, there is no reason to excuse the procedural default of his claims. The conclusion by the Magistrate Judge that all the claims were procedurally defaulted will be adopted.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 10) is **ADOPTED IN**

---

[1] It is only in the reply in support of his petition that Petitioner makes clear he is attempting to assert this as an IAC claim. (Doc. 9 at 8) ("Petitioner's appellate counsel was ineffective . . . .").

- 7 -

1  **FULL** and the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2  **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed
3  in forma pauperis on appeal are **DENIED** because Petitioner has not made a substantial
4  showing of the denial of a constitutional right.

5  Dated this 25th day of November, 2014.

*[signature]*

Honorable Roslyn O. Silver
Senior United States District Judge